[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13319
Non-Argument Calendar
_____

Agency No. A099-555-193


ADOLFO JOSE FERNANDEZ GUTIERREZ,
MARIANA CAROLINA MOLERO NEGRETTE,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 7, 2013)

Before MARCUS, JORDAN, and KRAVITCH, Circuit Judges.

PER CURIAM:

Adolfo Jose Fernandez Gutierrez and Mariana Carolina Molero Negrette (collectively the "Petitioners"), natives and citizens of Venezuela, seek review of the Board of Immigration Appeals' denial of their motion to reopen based on changed country conditions.  On appeal, the Petitioners argue that the BIA abused its discretion in denying their second motion to reopen because the evidence established that circumstances in Venezuela have become increasingly more dangerous for people like themselves who publicly criticized then–President Chavez and his government.  The Petitioners also argue that there are new circumstances that support their asylum claim that have yet to be presented to the BIA.

We review the denial of a motion to reopen for an abuse of discretion.  *See Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009).  Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner.  *See id.*

A party may only file one motion to reopen removal proceedings, and that motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material."  INA § 240(c)(7)(A)-(B), 8 U.S.C. § 1229a(c)(7)(A)-(B).  A "motion to reopen shall be filed within 90 days of the date of entry of a final administrative

2

order of removal," subject to certain exceptions.  INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i).  Regulations governing BIA practice provide that an exception to the time and number limits applies if the motion to reopen is for the purpose of reapplying for relief "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii).   A change in personal circumstances, however, does not authorize the untimely filing of a motion to reopen.  *See Jiang*, 568 F.3d at 1258 (noting that, while changed personal circumstances do not meet the standard for a petition to reopen, the petitioner had established changed country conditions because China had recently increased enforcement of the one-child policy in the area where she was from).

We have held that, at a minimum, the BIA may deny a motion to reopen on the following three grounds: (1) failure to establish a prima facie case; (2) failure to introduce evidence that was material and previously unavailable; or (3) a determination that an alien is not entitled to a favorable exercise of discretion despite statutory eligibility for relief.  *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001).

3

Even in the context of a ruling on the merits, the BIA or the Immigration Judge is not required to discuss in its opinion or order every piece of evidence presented. *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006). "Where the BIA has given reasoned consideration to the petition, and made adequate findings, we will not require that it address specifically each claim the petitioner made or each piece of evidence the petitioner presented." *Seck v. U.S. Att'y Gen.*, 663 F.3d 1356, 1364 (11th Cir. 2011) (quotation omitted). The BIA must "consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *See id.*

Upon review of the record and consideration of the parties' briefs, we deny the petition. The BIA did not abuse its discretion in denying the Petitioners' second motion to reopen, as that motion was time- and number-barred, and the Petitioners failed to establish changed country conditions in Venezuela. As the BIA found, the evidence submitted in support of the Petitioners' motion did not sufficiently demonstrate changed country conditions in Venezuela with regard to those politically opposed to the current government.

The 2006 Country Report submitted with the Petitioners' original asylum application indicated that: (1) the security forces committed unlawful killings and

4

forcibly repressed some peaceful demonstrations; (2) the judiciary was increasingly less independent; and (3) the government held a small number of political prisoners, imposed *de facto* limitations on freedoms of speech and the press, criminalized insults made against President Chavez, and was perceived as being corrupt.  The 2010 Country Report submitted with the motion to reopen made similar, and in some instances almost identical, statements, and thus, does not show that country conditions in Venezuela have materially changed with regard to the treatment of those politically opposed to the current government. Likewise, the sworn statements submitted with the motion to reopen do not establish an abuse of discretion because, at most, they show that the Petitioners face the same fear of persecution because of their political activities that they did at the time of their 2008 removal hearing.  Furthermore, the Amnesty International and Human Rights Watch reports and the articles submitted with the motion to reopen do not establish that conditions in Venezuela have changed.  These reports and articles discuss current conditions in Venezuela, give no indication as to how things are different than before, and contain no allegations materially different from the Country Reports.

The BIA also did not abuse its discretion by not providing a detailed explanation about how all of the evidence did not support the Petitioners' changed-

5

country-conditions claim. Because the BIA adequately explained why it denied the motion to reopen, it was not required to provide such a detailed explanation about how all of the evidence in the record did not support the Petitioners' claim of changed country conditions. *See Seck*, 663 F.3d at 1364. Contrary to the Petitioners' argument, the BIA did consider whether the Petitioners' evidence showed changed country conditions, and concluded that it did not.

As for the Petitioners' argument that there is new evidence to support the asylum claim, we cannot address this new evidence because our review is limited to the administrative record. *See* INA § 242(b)(4)(A), 8 U.S.C. § 1252(b)(4)(A). To the extent that the Petitioners' new evidence argument is a request for us to remand the case to the BIA for consideration of this evidence, we do not have the authority to grant such a request. *See* INA § 242(a)(1), 8 U.S.C. § 1252(a)(1) (stating that a reviewing court "may not order the taking of additional evidence" under 28 U.S.C. § 2347(c)). *See also Al Najjar*, 257 F.3d at 1278-79, 1281 (explaining that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 eliminated this Court's authority to remand a case to the BIA for consideration of new evidence).

**PETITION DENIED.**

6